# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3124-21

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

HITEN A. PATEL,

      Defendant-Appellant.

_____

> Submitted October 24, 2023 – Decided February 16, 2024
>
> Before Judges Sumners and Perez Friscia.
>
> On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Indictment Nos. 13-04-1262 and 13-08-2190.
>
> Hiten A. Patel, appellant pro se.
>
> William Edward Reynolds, Atlantic County Prosecutor, attorney for respondent (Mario Christopher Formica, Chief Counsel to the Prosecutor, of counsel; Linda Anne Shashoua, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Hiten A. Patel was convicted of numerous offenses stemming from a series of sexual assaults, terroristic threats, and criminal restraints on seven women in Atlantic City. State v. Patel, No. A-3824-14 (App. Div. Jan. 18, 2017) (slip op. at 2-3). Defendant's modus operandi in committing the offenses involved soliciting the women, some of whom were prostitutes, for sex, brandishing a toy gun, and, at times, impersonating a police officer. Id. at 5-15. He was sentenced to an aggregate prison term of forty-six years, with forty-five years subject to the No Early Release Act, N.J.S.A. 2C:43-7.2. Id. at 2. The conviction and sentence were affirmed on direct appeal. Id. at 40.

On June 7, 2019, defendant's first post-conviction relief (PCR) petition alleging ineffectiveness of counsel was denied by the PCR Judge, who also was the trial judge, following a two-day evidentiary hearing. The judge detailed his reasons in a ninety-three-page letter opinion. We denied defendant's appeal. State v. Patel, No. A-4877-18 (App. Div. May 12, 2021) (slip op. at 2, 7-8). While defendant's petition for certification was pending and before it was eventually denied, State v. Patel, 249 N.J. 106 (2021), defendant filed a second PCR petition again alleging ineffectiveness of counsel, which also was denied

A-3124-21

by the same PCR judge in a May 13, 2022 order,[1] for reasons explained in a thirty-six-page letter opinion.

Before the second PCR petition was denied, a self-represented defendant filed a motion for a new trial based on newly discovered evidence, repeating an earlier assertion that the State committed a Brady[2] violation by not disclosing the complete criminal history of the sexual assault victims-witnesses. In a May 23, 2022 order, the PCR judge denied the motion, reasoning:

> [T]hat the issue concerning the criminal histories of witnesses and victims was raised and addressed at trial, on direct appeal and by your first petition for [PCR]. Specifically, these issues were argued in your first petition for PCR and your motion for a new trial/judgment of acquittal notwithstanding the verdict. The [June 7, 2019] letter [opinion] regarding your first petition for PCR . . . discussed the argument pertaining to the criminal histories of all victims and found (1) the argument to be baseless and (2) that trial counsel was not deficient under the Strickland/Fritz[3] test for ineffective assistance of counsel. The letter [opinion] regarding your motion for a new trial/judgment of

---

[1] This order is not the subject of this appeal, nor any other appeal pending before our court.

[2] Brady v. Maryland, 373 U.S. 83 (1963).

[3] Strickland v. Washington, 466 U.S. 668, 683 (1984) (to demonstrate ineffectiveness of counsel, "[f]irst, the defendant must show that counsel's performance was deficient. . . . Second, the defendant must show that the deficient performance prejudiced the defense."), adopted in State v. Fritz, 105 N.J. 42, 58 (1987).

acquittal notwithstanding the verdict dated January 9, 2014, additionally discussed the cross-examination of the victims and noted that many of these women were cross-examined on their convictions, their history of substance abuse and other anti-social behavior.

Defendant appeals arguing:

POINT I

THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION FOR NEW TRIAL BASED UPON NEWLY[-]DISCOVERED EVIDENCE, BRADY DUE PROCESS DISCOVERY VIOLATIONS AND INEFFECTIVE ASSISTANCE OF COUNSEL ON HIS FIRST [PCR] PETITION WITHOUT AFFORDING DEFENDANT AN EVIDENTIARY HEARING TO FULLY ADDRESS HIS CONTENTION THAT PCR COUNSEL'S FAILURE TO RAISE THE POST-CONVICTION DISCOVERY OF ADDITIONAL CRIMINAL RECORDS OF THE STATE'S PRIMARY WITNESSES AGAINST [HIM] DENIED HIM ADEQUATE LEGAL REPRESENTATION WARRANTING REVERSAL OF HIS CONVICTIONS AND NEW TRIAL.

> A. There Was No Strategical Reason For PCR Counsel's Failure To Raise The Brady Violation Claim On The First PCR Petition.

POINT II

NEWLY DISCOVERED EVIDENCE REVEAL[S] THE STATE WITHHELD, SUPPRESSED AND FAILED TO DISCLOSE THE ENTIRE CRIMINAL HISTORY OF ITS TESTIFYING WITNESSES. THUS, DEFENDANT WAS DENIED HIS DUE

4

PROCESS RIGHT TO A FAIR TRIAL UNDER
<u>BRADY</u> [AND] ITS PROGENY AND <u>RULE</u> 3:13-3
WARRANTING REVERSAL OF DEFENDANT'S
CONVICTIONS AND NEW TRIAL.

> A. The Deliberate Suppression, Withholding And
> Non-Disclosure Of Evidence By The State Was
> A Distinct Pattern Of Misconduct By The State
> Prosecutor.

Having considered the arguments, the record, and applicable law, we conclude they lack sufficient merit to warrant extensive discussion in a written opinion. <u>R.</u> 2:11-3(e)(2). We affirm substantially for the reasons set forth by PCR judge in his well-reasoned written decision. We add the following brief remarks.

There is no reason to disturb the judge's order because it was not "a miscarriage of justice under the law." <u>State v. Armour</u>, 446 N.J. Super. 295, 305 (App. Div. 2016) (quoting <u>R.</u> 2:10-1). A defendant is permitted to seek a new trial based on newly discovered evidence at any time. <u>State v. Szemple</u>, 247 N.J. 82, 99 (2021) (citing <u>R.</u> 3:20-2). But here, no new evidence was presented to support a motion for a new trial. Accordingly, we do not consider the three-prong test that must be satisfied to warrant a new trial based upon newly discovered evidence. See <u>State v. Fortin</u>, 464 N.J. Super. 193, 216 (App. Div. 2020) ("[T]o qualify as newly discovered evidence entitling a party to a new

trial, the new evidence must be (1) material to the issue and not merely cumulative or impeaching or contradictory; (2) discovered since the trial and not discoverable by reasonable diligence beforehand; and (3) of the sort that would probably change the jury's verdict if a new trial were granted." (quoting State v. Carter, 85 N.J. 300, 314 (1981))). Furthermore, given the absence of new evidence, there is no basis for defendant's assertion of a Brady violation: the State failed to disclose "evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Brady, 373 U.S. at 87. In sum, the judge did not abuse his discretion in denying defendant a new trial. See Armour, 446 N.J. Super. at 306 (citing State v. Russo, 333 N.J. Super. 119, 137 (App. Div. 2000)).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3124-21